```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872-JLP |
| | : | |
|       Debtor. | : | |
| _____ | : | _____ |
| | : | |
| THE PLAN COMMITTEE OF | : | |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
|       Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 06-157-JJF |
| | : | |
| NORTHWESTERN CORPORATION, | : | |
| MAGTEN ASSET MANAGEMENT CORP., | : | |
| LAW DEBENTURE TRUST COMPANY | : | |
| OF NEW YORK, | : | |
| | : | |
|       Appellee. | : | |

## MEMORANDUM ORDER

Pending before the Court is the Motion Of The Plan Committee For Relief From The Standing Order On Mediation In This Appeal And For Expedited Briefing And Oral Argument (D.I. 5). The Debtor, Northwestern Corporation, has joined the Motion of the Plan Committee and supports the request for a waiver of the mandatory mediation requirement and for expedited briefing. However, Magten Asset Management Corporation ("Magten") and Law Debenture Trust Company of New York ("Law Debenture"), in its capacity as Indenture Trustee of the Series A 8.45% Quarterly Income Preferred Securities, have filed a Response (D.I. 7) opposing the request for expedited briefing, but agreeing with the Plan Committee's request for a waiver of mediation.

In light of the history of unsuccessful mediation attempts in the numerous Northwestern cases involving these parties, the Court agrees that mediation will not be likely to assist the parties to amicably resolve this dispute. Accordingly, the Court concludes that the mandatory mediation requirement should be waived with respect to the issues in this appeal.

As for the request for expedited briefing, the parties acknowledge that "good cause" must be shown to justify expedited treatment of this appeal pursuant to Bankruptcy Rule 8019. The good cause requirement has been equated with a showing of irreparable harm. See e.g., In re United Pan-Europe Communications N.V., 2003 WL 221819, *3 (S.D.N.Y. 2003); In re Combustion Eng'g, Inc., 2003 Bankr. LEXIS 1044 (Bankr. D. Del. July 2, 2003). The Plan Committee contends that expedited treatment of this appeal is warranted, because the holders of Allowed Class 7 and 9 Claims are being denied the periodic distributions of surplus stock due to them under the express terms of the Plan. Thus, the Plan Committee contends that these shareholders are suffering irreparable harm, because they are being deprived of the fundamental shareholder rights associated with that stock.

In response, Magten and Law Debenture contends that no showing of irreparable harm has been made, because the holders of Allowed Class 7 and 9 Claims are currently exercising their

shareholder rights through the New Common Stock they have already received. Magten and Law Debenture contend that the holders of Allowed Class 7 and 9 Claims are not entitled to surplus distributions until it has been shown that the Disputed Claim Reserve is sufficiently funded to provide Magten and Law Debenture with a full recovery. Because it has not yet been determined whether a surplus exists, Magten and Law Debenture further contend that irreparable harm cannot be demonstrated, because any harm is contingent upon the future showing of whether a surplus does, in fact, exist.

Reviewing the submissions of the parties in the context of this appeal, the Court concludes that the Plan Committee has not demonstrated that expedited treatment of this appeal is necessary. The cases cited by the Plan Committee to support its argument of irreparable harm are distinguishable from the circumstances here. Moreover, the holders of Allowed Class 7 and 9 Claims are currently exercising their shareholder rights with respect to the shares they have received, and the Court agrees with Magten and Law Debenture that a restraint on surplus distributions during the pendency of this appeal does not amount to irreparable harm. Accordingly, the Court concludes that expedited treatment of this appeal is not warranted.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion Of the Plan Committee For Relief From The Standing Order On Mediation In This Appeal And For Expedited Briefing And Oral Argument is **GRANTED** to the extent that a waiver of mediation is sought and **DENIED** to the extent that expedited briefing is sought.

2. The mandatory mediation requirement for the above-captioned appeal is waived.

3. The parties shall adhere to the following briefing schedule, unless an otherwise agreed upon schedule is filed within fifteen (15) days of the date of this Order:

   a. Appellant's Opening Brief on appeal shall be filed **within fifteen (15) days of the date of this Order**.

   b. Appellees' Answering Brief on appeal shall be filed **within fifteen (15) days of receipt of the Opening Brief**.

   c. Appellant's Reply Brief on appeal shall be filed **within ten (10) days of receipt of the Answering Brief**.

April 11, 2006

_____
UNITED STATES DISTRICT JUDGE